UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JENNIFER L. PLUSKIS SANTIAGO,

      Plaintiff,

      v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 2:18-cv-00145-JVB-APR

**OPINION AND ORDER**

Plaintiff Jennifer S. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI. In her application, Plaintiff alleged that she became disabled on February 19, 2013. (R. at 16.) After a hearing before an Administrative Law Judge ("ALJ") in 2016, the ALJ found that Plaintiff suffered from the severe impairments of a substance abuse disorder, the late effects of a left wrist laceration, a bipolar disorder, and a personality disorder. (R. at 19.) The ALJ found that Plaintiff had no past relevant work. (R. at 30.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 31.) Therefore, the ALJ found her to be not disabled. *Id.* This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed four reversible errors: the ALJ failed to accommodate Plaintiff's moderate limitations in concentration, persistence, or pace; the ALJ created an RFC without basis in medical evidence; the ALJ erred in weighing medical opinion evidence; and the ALJ failed to accommodate Plaintiff's mental impairments in the RFC.

**(1) Concentration, Persistence, and Maintaining Pace**

Plaintiff asserts that the ALJ erred by failing to account for Plaintiff's limitations in concentration, persistence, and maintaining pace in the RFC. The ALJ found that Plaintiff had moderate limitations in her ability to concentrate, persist, or maintain pace. (R. at 21.) The ALJ found that Plaintiff had the capacity to complete simple, routine and repetitive tasks and could tolerate occasional exposure to co-workers and supervisors, but she couldn't interact with the general public. (R. at 22.) Plaintiff argues that this does not adequately account for her moderate limitations in concentration, persisting, or maintaining pace.

Where an ALJ does not adequately capture the Plaintiff's restrictions on concentration, persistence, and pace, the ALJ's decision will be remanded. *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2011) (emphasizing that all of Plaintiff's restrictions must be present in the hypothetical to the vocational expert). The Seventh Circuit has "repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." (*Id.*)

The ALJ mischaracterized evidence in his discussion of Plaintiff's limitations with concentration, persistence, and maintaining pace. The ALJ found that Plaintiff could "prepare

meals for herself, watch television, manage funds, use the internet (Facebook)," and the record "fails to show any mention of distractibility and an inability to complete testing that assessed concentration and attention. (R. at 21.) The ALJ misstates the record in saying the record fails to show distractibility. Plaintiff's treatment notes show distractibility, concentration difficulties, focus problems, racing thoughts, and hyperactivity. (R. at 522, 532, 583, 585.) A Field Office Disability Report noted that Plaintiff struggled with concentrating and could not focus on one task at a time. (R. at 297.)

Limiting Plaintiff to simple, routine, and repetitive tasks limits Plaintiff to "unskilled work," which is "unrelated to the question of whether an individual with mental impairments – e.g., with difficulties maintaining concentration, persistence, or pace – can perform such work." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). That is, restricting a claimant to unskilled work does not account for difficulties with memory or concentration. *Young v. Barnhart*, 362 F.3d 995, 1004 (7th Cir. 2004). Multiple providers noted that Plaintiff struggled with memory and concentration difficulties, yet the ALJ merely limited Plaintiff to simple, routine, and repetitive tasks. The ALJ did not adequately accommodate Plaintiff's moderate limitations in concentration, persistence, and maintaining pace. This requires remand. *Moreno*, 882 F.3d at 729–30.

The Commissioner relies on *Capman v. Colvin*, 617 Fed. Appx 575 (7th Cir. 2015) to support her position that the RFC accommodates Plaintiff's limitations. However, *Capman* is a case wherein the ALJ relied on an examiner whose narrative fully explained the claimant's limitations. Here, the ALJ does not rely on the limitations expressed in the medical record. The ALJ's limitations did not fully cover the limitations noted by Plaintiff's examining and treating

4

physicians. Plaintiff's treating and examining physicians noted struggles with distractibility, memory, and concentration, and the ALJ failed to properly accommodate those limitations.

The Commissioner also argues that Plaintiff's substance abuse history eliminates the need for accommodations for limitations in concentration, persistence, and maintaining pace. However, this does not alleviate the ALJ's burden to accommodate a finding of moderate limitations in concentration, persistence, and pace in the RFC. If the ALJ finds that Plaintiff has moderate limitations, he must accommodate those limitations in the RFC and fully explain his rationale. The ALJ failed to support his decision with substantial evidence, and this requires remand.

**(2) Treating Physician**

Plaintiff argues that the ALJ erred in weighing the opinion of Dr. Varghese, her treating psychiatrist. Dr. Varghese completed a Mental Capacity Assessment on March 5, 2015. (R. at 834.) Dr. Varghese opined that Plaintiff would have marked limitations in two out of three areas in understanding and memory due to mood swings, irritability, depression, anxiety, an inability to sleep, problems with focus, and problems with maintaining concentration. (R. at 832.) He also opined that Plaintiff would have marked limitations in: eight out of eleven areas under sustained concentration and persistence; one out of five areas in social interactions; and three out of four areas in adaptation. (R. at 832–34.)

The ALJ gave Dr. Varghese's opinion very little weight, finding that the "extreme and marked limitations were not supported by the record." (R. at 28.) The ALJ noted that Plaintiff could move about the community to get to her psychological and physical exams, and her physical therapist noted a rather normal level of activities of daily living. (*Id.*) The ALJ further

5

noted that Plaintiff was able to complete her prerequisites to pursue her GED. Finally, the ALJ relied on Plaintiff's substance abuse, and noted that Dr. Varghese did not consider the substance abuse in his opinion. Instead, the ALJ stated that Dr. Varghese relied on "the uncritical acceptance" of Plaintiff's subjective claims in forming his opinion. (*Id.*)

A treating physician's opinion is to be given controlling weight because of the length and nature of the relationship unless the ALJ provides good reasons for setting aside that opinion. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016). When a treating physician's opinion is not entitled to controlling weight, an ALJ must weigh it using such factors such as: the examining relationship; the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. §§ 404.1527(c)(1)–(6).

Plaintiff asserts that the ALJ improperly relied on activities of daily living and failed to consider Dr. Varghese's specialty as a psychiatrist and the supportability and consistency of Dr. Varghese's opinion. The ALJ referred to Dr. Varghese as a treating clinician and failed to identify or discuss his specialty as a psychiatrist. The ALJ repeatedly calls Dr. Varghese a "clinician," failing to identify his specialty. (R. at 28.) "We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5). Where the ALJ does not give more weight to a specialist opining on medical issues related to his specialty, the ALJ must provide a logical bridge explaining his decision. Here, Dr. Varghese, a treating psychiatrist, opined as to Plaintiff's mental health. Yet the ALJ failed to discuss this factor and failed to provide good reasons for providing greater weight to the opinions of non-examining sources who are not specialists.

6

The ALJ also failed to discuss the supportability and consistency of Dr. Varghese's opinion with the medical records. The ALJ gave great weight to a medical expert, who opined that Plaintiff had marked limitations in the area of social interaction, an opinion which the ALJ ignored in creating the RFC. The medical expert opined that Plaintiff had marked limitations in the ability to: carry out complex instructions; make judgments on complex work-related decisions; and interact appropriately with supervisors. (R. at 1460–61.) The medical expert also found that Plaintiff would have moderate limitations in the ability to: understand and remember complex instruction; interact appropriately with the public; interact appropriately with co-workers; and respond appropriately to usual work situations and to changes in a routine work setting. (*Id.*) These limitations were consistent with Dr. Varghese's opinion, who opined that Plaintiff had marked limitations in the ability to understand, remember, and carry out detailed instructions; moderate limitations in the ability to interact appropriately with the general public; and moderate limitations in the ability to accept instructions and respond appropriately to criticism from supervisors. (R. at 832–34.) Other treatment notes and clinicians noted Plaintiff's outbursts, agitation, hyperactivity, uncooperative attitude, distractibility, poor reasoning, poor impulse control, poor judgment, and conflict with others. (R. at 583–84, 758–59, 1351.) The ALJ found that Dr. Varghese's treatment was inconsistent with the medial record but ignored the multiple areas where his opinion was consistent with the record. The ALJ also failed to discuss where Dr. Varghese's opinion was consistent with the opinion of the medical expert, whose opinion was given great weight.

While the ALJ may be correct in finding that Dr. Varghese's failure to document or consider Plaintiff's substance abuse may ultimately be enough to discount his medical opinion, the ALJ still failed to discuss the factors properly in his decision. Without such a discussion, the

7

ALJ has failed to build a logical bridge from the evidence to his conclusion. The Court cannot meaningfully review the ALJ's analysis where the ALJ failed properly discuss Dr. Varghese's specialty and the supportability of his opinion. This error is compounded by the reliance on the medical expert's opinion, which was at least partially consistent with Dr. Varghese's opinion.

**(3) Other Issues**

Plaintiff also asserts that the ALJ erred in failing to include all the medical expert's limitations in the RFC, and that the ALJ failed to incorporate all Plaintiff's mental limitations in the RFC. The ALJ erred in failing to accommodate Plaintiff's limitations in concentration, persistence, and maintaining pace in the RFC and in weighing the opinion of the treating psychiatrist. Accounting for Plaintiff's moderate limitations in concentration, persistence, and maintaining pace may alter the VE's testimony, and a proper discussion of Dr. Varghese's opinion may alter the RFC determination. On remand, the ALJ will have the opportunity to reexamine the RFC and the medical opinion evidence.

**(E) Conclusion**

The ALJ erred in weighing Dr. Varghese's opinion and failed to accommodate Plaintiff's moderate limitations in concentration, persistence, and maintaining pace. For these reasons, the Court remands the case for further consideration.

SO ORDERED on July 15, 2019.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE